UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLANIA

**1: CV-01-0039**

| | |
|---|---|
| THE PEOPLE OF THE UNITED STATES OF AMERICA ON THE RELATION OF MICHAEL HAMILTON 17072057 (exrel) § § § Petitioner § § § FILED SCRANTON § CIVIL No#_____ § Verified Petitioner § Habeas Corpus V JAN 10 2001 § Ad Subjicicndum § Under Common Law. PER ___ DEPUTY CLERK § § Mr. R.M. Reish, Warden Of Schuylkill, § Respondent | |

### HABEAS CORPUS AD SUBJICICNDUM Motion

To: The above entitled Court Of The state Of Pennsylvania.

The Petitioner of the United States Of America, on the relation of Michael Hamilton, for Habeas Corpus Ad Subjicicndum under the common law against Respondent, Mr R.M. Reish, Warden Of F.C.I. Schuylkill, Shows.....

### JURISDICTION

This Court has jurisdiction pursuant to Article I, Sec 9 Clause 2 of the United States Of America Constitution.

## STATEMENT OF THE CASE
## AND PROCEEDING

On March 28,1994, a single count indictment was filed in the United States District Court For The Middle District Of North Carolina, charging Michael Hamilton (hereinafter Petitioner) and one co-defendant with possession intent to distribute cocain base in violation of 21 U.S.C. § 841 (a) (1) and (b) (1) (a) and 18 U.S.C. § 2 .

Petitioner preceded to trial and was found quilty on May 17, 1994 on July 27,1994, he was sentence to 200 months imprisonment to be followed by 60 months of supervised release and a monetary assessment of $50.00

On August 2, 1994 Petitioner filed a timely Notice Of appeal and thereafter, the Fourth circuit by order affirmed his conviction and sentence.

On June 19, 1995, Petitioner filed a Rule 35 (a) motion alleging an illegal sentence after the government responded, relief was granted and the judgement was vacated and set aside. Petitioner was resentence to imprisonment for term of 180 months, a 20 months reduction.

On December 15, 1997 Petitioner filed his second 2255 Petition and memorandum of law in support with the exhibits affixed. On March 11,1998 the government only response contend that Petitioner had filed prior § 2255 petition, only the Court of appeal could authorize the commencement of a second or successesive petition and requested Petitioer § 2255 relief be denied and dissmissed (doc. entry# 110.) On March 31,1998,Petitioner submitted his response in opposition to the government reply.

On July 30,1998, Magistrate Judge Eliason, submitted his report recommending that Petitioner §2255 petition and relief be denied and dismissed. On August 17,1998, Petitioner filed his objections to the Magistrate's report. On September 17,1998, the District Court adopted the Magistrate's report and denied Petitioner §2255 relief.

On october 5,1998, a timely Notice Of appeal was filed by Petitioner.

On November 4,1998, Petitioner filed an appellant's brief in the United Sates Court Of appeal For the Fourth Circuit, that was denied May 19,1999, unpublished. On or about May 28,1999, Petitioner, petition for rehearing enbanc that was denied unpublished by the United States Court Of Appeal's for the Fourth circuion June 28,1999.

Hamilton filed for certioari and certiorari was denied on January 18,2000 .

(2)

## STATEMENT OF THE CASE AND PROCEEDINGS FOR

## NEW YORK STATE CONVICTION

Indictment number 14649/89 charged defendant with grand larceny in the first degree; and criminal mischief in the fifth degree. A trial before a jury was conducted. However, during the cource of the trial a motion was made and the charges of grand larceny in the first degree was reduced for insufficiency of evidence to petit larceny; criminal possession of stolen property in the third degree was reduced to the fifth degree; and criminal mischief in the fifth degree reduced to criminal mischief in the fourth degree. At that point defendant pleaded to petit larceny in satisfaction of the indictment that was pending and was sentenced to a term of one (1) year imprisonment. Petitioner asserts that due to the unconstitutional conviction which was relied upon to enhance his current Federal sentence which renders his current sentence illegal and carries a continued penalty by relying upon the State conviction. On December 1995 Petitioner filed a motion to vacate and set aside judgement and sentence in New York State Supreme Court; no. 14649/89. On March 28, 1996 prosecuting attorney responded requesting motion be dismissed. On April 15, 1996 Justice Caesar Cirigliano denied Petitioner's motion. On April 23, 1996 Petitioner filed Notice of Appeal which was just recently brought to his attention that the Notice Of Appeal was denied on <u>July 15, 1996</u>. Petitioner would like to state that after numerous attempts through mail and phone communications requesting a decision on his Notice of Appeal, they went unanswered until recently. Petitioner extinguishes all state remedies.

## CAUSE OF ACTION

The Petitioner has been charged and convicted of a crime of which the U.S. had no jurisdiction to prosecute. The Petitioner is entitled to **Habeas Corpus Relief,** because his arrest and conviction was obtained in violation of his Constitutional unalienable rights possessed by the Petitioner which has emerged and resulted to the deprivation of Hamilton's liberty. Also by relying on an unconstitutional New York State conviction to enhance his present Federal sentence renders his Federal sentence illegal, which is a collateral result of his expired conviction which carries continuing penalties which Hamilton did extinguish all his New York State remedies. As for Hamilton's Federal conviction, he also filed a 28 U.S.C. § 2255 but was denied at least **"One Full Bite"** i.e., at least one meaningful opportunity for post conviction review in United States District Court of Appeals and the Supreme Court. See **Memorandum of Law ATT#1,** which is Magistrate's Recommendations; also see **Memorandum of Law ATT#2,** which is the Petitioner's objections to the Magistrate's Recommendations; see also **Memorandum of Law ATT#3,** News Article From the Flint Journal that supports Petitioner's claims; also see **Memorandum of Law ATT#4,** which is the Fourth Circuit Court of Appeals opinion of the Petitioner's case. The merits of Hamilton's Federal case were treated **Ad Quod Fuit Responsum,** therefore Hamilton has no other alternative but to summon this Honorable Court for relief pursuant to the **Great Writ.** Also Hamilton's present Federal sentence should be set aside for relying on a prior New York State conviction which is unconstitutional to enhance his present sentence. **Relief should be granted.**

## FACTS AND REASONING

In order for the Government to obtain jurisdiction of the offense of the offense of 21 U.S.C. § 841(a)(1) they will have to show that cocaine base/crack is a schedule two controlled substance, which it is not. Also Petitioner assert he should have an opportunity to challenge his Federal sentencing for relying on a prior unconstitutional New York State conviction which was used to enhance his present Federal sentence. Since §§ 2254 and 2255 are "inadequate or effective" to test the legality of Petitioner's incarceration. This court should allow Petitioner to prooceed pursuance to 28U.S.C. §§ 2241 in the interest of Justice and Fundamental fairness. See (ATT#5 of the Memorandum of Law which is the Prosecutor's Opposition to Petitioner's Motion To Vacate prior conviction in New YOrk State court). See(ATT#6 which is the plea minutes of the State conviction no. 14649/89 in New York State court.

Comes now, Michael Hamilton, Petitioner pro se and in want of counsel to assist in the preparation of this pleading which is too complex for any person not trained in the area of the law that only trained attorneys can comprehend. Petitioner, Michael Hamilton, pro se respectfully prays this honorable court construe his pleading liberally not subjecting to the same standard drafted by attorney Haines V. Kerer, again Petitioner states that the U.S. Government has no jurisdiction over the alledged criminal activity mentioned in the indictment; also Hamilton again re-iterates that his present sentence be set aside due to the use of an unconstitutional **New York State conviction.**

### PETITIONER, HAMILTON WILL STATE AS FOLLOWS

(1). Petitioner Hamilton has standing; he has suffered an injury in fact through loss of rights, and liberty; this injury is a result of the unproven claim of jurisdiction for the U.S. District Court of North Carolina.

(2). Ripeness attaches because the claim of unlawful incarceration and deprivation of liberty due to the lack of jurisdiction is continuing **mootness** attaches at this point because this issue has not been settled by judicial decision .

(3). Hamilton is making a timely challenge to the unproven claim of jurisdiction and moves this Honorable Court to order the respondent, Mr. R.M. Reish,[Warden of FCI Schuylkill], to meet the burden of proving jurisdiction of 21 U.S.C. § 841 (a)(1) and (b)(1)(a) and 18 U.S.C. § 2.

(4). Hamilton is making a timely challenge to his present sentence based upon a prior unconstitutional New York State conviction that was used to enhance his present sentence, and any delay due to filing said motion challenging prior New York State conviction should be contributed to the New York State court system for failing to notify Petitioner that his **Notice of Appeal** was denied in a timely fashion through certified mail which Petitioner has diligently sought for a ruling. In light of the fact the Petioner was unable to present arguments in his **2255 Motion**, therefore the Petitioner should be able to proceed under his **2241 Motion** in the interest of Justice and Fundamental Fairness.

## ISSUES PRESENTED

Ground One: Does cocaine base "**crack**" qualify as a controlled substance as defined by Statues of Congress?

Supporting: (1). Petitioner was convicted of possessing a controlled sub-
Facts        stance as a principal violation of the Controlled Sub-
             stance Act (CSA) in U.S. laws.

(2). Petitioner was unaware that "**crack**" is not listed as a controlled substance and raises this as a novel issue for procedual purposes:[con't on p.5a (1).

Ground Two: Does the "**crack**" statue violate the **Bill Of Attainer Clause Of The Constitution?**

Supporting: (1). The **Bill Of Attainer Clause** is violated when an imposed
Facts        punishment is insufficient upon a specified or affected
             person or identified group that lacked protection of the
             judicial process.

(2). Direct evidence is required that a government official creates legislation that appears neutral, but selects or affirms a particular[con't on p.5b(1).

Ground Three: Is the "**crack**" statue violative of the **Separation Of Powers Clause Of the Constitution?**

Supporting: (1) The Federal Government of the U.S. divided up into three
Facts        distinct branches with a proper function being performed
             by that specific branch and no other.

(2). Congress abandoned its legislative duties and encroached judicial func- [con't on top of p.6].

Ground Five: [Is separate from issues one through four] Petitioner states his New York State prior conviction is unconstitutional due to a plea being rendered not knowingly and intelligently which renders his Federal sentence illegal because it was used to enhance his present sentence. [con't on top of p.6(b) (1).

5.

3. Congress distinguishes control from controlled substances in statutes by inserting verbiage of "to add a drug . . . ," versus "it being a drug" respectively.

4. No statute has defined **crack** cocaine, though Congressional intent was made profoundly clear in both the 1986 and 1995 House of Representatives and the Senate hearings.

5. The district court had no jurisdiction over Petitioner for committing a prohibited act warranting criminal prosecution when the alleged substance is not listed in a Schedule making it a controlled substance of the CSA.

6. Congress' intent for punishment with the 100-1 ratio was for **crack** cocaine made with baking soda. However, cocaine **crack** or this element was never added for a defininition as a controlled substance to any punative statute to justify **crack** as such a controlled substance or its unlawfulness of the United States law statutes.

7. Legislative history and Congressional intent view and define the **crack** form they were afraid of as a "relatively new drug" that is hightly addictive and altogether different from powder cocaine."

8. The cocaine base **crack** mixture that concerned Congress was cocaine hydrochloride and baking soda because of its poweful state made so cheaply.

9. The elements required proven by the prosecution for a conviction of Petitioner possessing **crack** cocaine are: a) that Petitioner possessed 50 grams or more of a **mixture or substance controlled and identified in the CSA**; b) this mixture must contain detectable amounts of coca leafs, cocaine, its salts, optical and geometric isomars, and slats of isomars; c) be a controlled substance enunciated in one of the five Schedules that is listed in CSA's statute;

d) this controlled substance was required by the United States by and within the statutorial verbiage of the CSA;  e) at the time of Petitioner's arrest for possessing this alleged controlled substance, the named controlled substance met the "criteria for classification of substances listed in the CSA statutes;  and f) the processed form of cocaine seized was "cocaine hydrochloride and sodium bicarbonate" as stated within the Sentencing Guidelines.

10. Cocaine base **crack** by any mixture **is not listed in the Schedules** of the CSA statutes as required and defined therein, so a prohibited act by Petitioner as the **principal** actor of **possessing an alleged controlled substance did not occur.**

11. Denying Petitioner of his life or liberty by convicting him of possessing a controlled substance that is not listed as a controlled substance, violates the protections of the Constitution as set forth in the due process and equal protection under the laws clauses of the Fifth Amendment.

12. For a judgment and enhanced punishment against Petitioner to stand without proof of the chemical mixture components as required by the law and Guidelines is also unconstitutional on the same grounds.

13. The grand jury referred and Petitioner was ultimately convicted for an act that allegedly was illegal within the United States criminal code that is **not illegal** or defined, nor recognized anywhere within the controlled substance act or statutes, thereby warranting a reversal of his conviction and charges ordered dismissed as a result thereof.

14. Congress cannot tamper with chemistry to convict or justify a conviction and enhance for a specific chemistry make-up, then not apply it at the time of trial and uphole a judgment so achieved.

group of people.

3. The Congressional and Senatorial Crack Hearings verbatim transcripts are Petitioner's **direct evidence** from both 1986 and 1995 hearings that legislative government officials did violate the **Bill of Attainder.**

4. Members of the House of Representatives of the Legislative Branch attempted to justify the crack enhanced punishment within minority neighborhoods to allegedly "save the minority neighborhoods from this awful curse," and was "creating its worse problems . . . becuase of the cheapness of it," because the minority neighborhoods were "the most fragile in the entire country."

5. Other inferences from members of the HOuse and Senate were stated that, "**those people** ought to be punished **more** because it is <u>those people</u> who are going into the housing projects where out **black youth** are being killed."

6. Members openly referred to cocaine powder being the choice drug for the rich and white people, while the **crack** is made from small amounts of cocaine and baking soda mixed and heated. This cheap mixture is used by the minority or predominate black neighborhoods, according to Congress reports.

7. Judicial and Legislative powers that join towards a common goal with one specific person or eithnic group in mind to deny life and liberty of that entity, exposes that entity to arbitrary control without notice and is unconstitutional under due process and equal protection under the laws guaranteed by the U.S. Constitution under the Fifth Amendment to be shielded against such arbitrations.

    Tions, when their own fact finding synopsis was substance for that of a court of law.

D. Ground Four: Is Movant's sentence contrary to United States Laws and Constitution, where **Direct Evidence From Congressional Hearing on "crack" have member of congress designing "crack" law to help blacks and clean up minority communties.**

    Supporting facts: 1. Petitioner has been denied due process by a sentence enhanced by law created under racial classfication to help blacks to clean up their neighborhoods, that is contrary to the protection of the Constitution

(con't on pg 6b )

(6)

3. The prosecution failed to proved the chemical make-up of the alleged illegally possessed controlled substance of "crack" cocaine by Petitioner to warrant an enhanced sentence as required in United States Sentencing Guidelines (USSG).

4. The only cocaine base "crack" that Congress intended for an enhanced sentence for was the cocaine base "crack" that contained cocaine hydrochloride and sodium bicarbonate (baking soda).

5. It is an essential element for conviction and sentencing that Petitioner had cocaine hydrochloride and baking soda mixture in his possession before the higher sentencecan be adjudged lawfully against him.

6. Congress' intervention for the prosecution in fact-finding and relieving the prosecution of its burden of proof, unconstitutionally deprived Petitioner of his guarantee to due process before they loose life and or liberty.

2. Petitioner is a black man convicted for the alleged possession of **crack** cocaine as implicated by an alleged codefendant receiving and received an enhanced sentence that Congress knew was "used by poor people who are predominately black people."

3. The crack bill is correctly summed up as being a Bill that creates, for the very first time, a specialty penalty applied to **crack** when Congress designed the law knowing it would affect the predominate populous of the black neighborhoods.

4. This punishes Petitioner for being black when cocaine powder used mainly by whites and the rich, although essential for **crack** production, gets almost no prison time and offends the equal protections clause where Petitioner is concerned.

5. Members of Congress admitted when reviewing the **crack** laws at hearings, that 96% of those convicted for crack are minorities with mostly all being black and thereby being racially motivated.

6. The National Household Survey on Drug Abuse statistics depict that approximately 22,895,000 Americans have used cocaine powder, compared to 3,765,000 that have used crack cocaine.

7. Crack legislation was and still remains in effect today, a racial classification that is contrary to the Constitution of the United States and its Bill of Rights, with due process and equal protection concerns.

8. Congress elected to clean up minority neighborhoods as the catalyst to get the legislation passed through the House of Representatives to "help" minority neighborhoods, and thereby was structured on race and is unconstitutional.

1. Petitioner insert that his Constitutional right was violated due to not being advised of a Constitutional right to confront and cross-examine adverse witnesses. Plea could not have been known and intelligently made which affects his present Federal sentence.

2. Petitioner insert that had he known that he had a Constitutional right when charged with a misdemeanor offense to confront and cross-examine adverse witnesses would not have plead guilty.

3. Petitioner inserts the cause for the delay in filing a challenge in Federal court to the interference by the New York State judicial system.

4. Petitioner inserts that he is correctly pursuing relief through proper vehicle of a 2241 in light of the fact that his present Federal sentence is being enhanced for prior unconstitutional New York State conviction, therefore collateral enhancement is attached; also continuing penalty. For the foregoing reasons, facts and arguments, Petitioner prays that his **Habeas Corpus Ad Subjiciendum Motion** is granted, the conviction set aside; the charges are ordered dismissed and he is released from confinement. On the "Other Alternative" the Petitioner pray that the court vacate his sentence in regards to issue five (5): Prior conviction of New York State being unconstitutional which makes Federal sentence illegal.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON    November 10, 2000            .

*Michael Hamilton*
Michael hamilton[17072-05
FCI Schuylkill
P.O. Box759
MINERSVILLE, PA.
17954-07!

-6b 1