④
1/23/01
MA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL HAMILTON,** | : | **CIVIL ACTION NO. 1:CV-01-0039** |
| **Petitioner** | : | |
| | : | **FILED** |
| v. | : | HARRISBURG, PA |
| **R. M. REISH,** | : | JAN 23 2001 |
| **Warden FCI-SCHUYLKILL,** | : | |
| **Respondent** | : | MARY E. D'ANDREA, CLERK |
| | : | Per _____ Deputy Clerk |

### MEMORANDUM AND ORDER

On January 10, 2001, Petitioner, an inmate confined in the Schuylkill Federal Correctional Institution, Pennsylvania, filed pro se, a petition for writ of "habeas corpus ad subjicicndum [sic]," pursuant to 28 U.S.C. § 2241. The following facts are derived primarily from Petitioner's motion.

I.        **Background**

On May 17, 1994, Petitioner was convicted by a jury in the United States District Court for the Middle District of North Carolina of violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2. On July 27, 1994, Petitioner was sentenced to 200 months of imprisonment followed by 60 months of supervised release. On August 2, 1994, Petitioner filed a timely notice of appeal, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence by per curiam opinion on April 20, 1995. On June 19, 1995, Petitioner filed a Rule 35(a) motion challenging his sentence, which the sentencing court granted. Petitioner was resentenced for a term of 180 months.

Certified from the record
Date _____ 1-23-01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

On December 15, 1997, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. On September 17, 1998, the district court denied the petition. Petitioner filed a timely notice of appeal on October 5, 1998, which was subsequently denied by the Fourth Circuit on May 19, 1999. Petitioner filed for rehearing en banc which was denied on June 28, 1999, and for certiorari to the Supreme Court which was denied on January 18, 2000.

Petitioner filed the instant petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, as well as a supporting brief on January 10, 2001. Petitioner alleges the following five claims in his petition: (1) "crack" cocaine does not qualify as a controlled substance so as to support his convictions; (2) the "crack" cocaine statute violates the bill of attainder clause of the Constitution; (3) the "crack" cocaine statute violates the separation of powers doctrine of the Constitution; (4) the "crack" cocaine statute violates due process because it was created based on racial classifications; and (5) Petitioner's prior state conviction should not have been used in his federal sentencing because the state court plea was not knowingly and intelligently made.

**II.        <u>Discussion</u>**

Habeas corpus petitions brought under 28 U.S.C. § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1997) (applicable to § 2241 petitions under Rule 1(b)). <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to

it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

All of Petitioner's claims challenge the validity of his sentence, not the execution of his sentence. A collateral attack upon the validity of a federal criminal sentence must be made in the sentencing court by motion pursuant to 28 U.S.C. § 2255. See, e.g., Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir. 1972) (per curiam). In contrast, petitions under § 2241 are considered challenges to the conditions of confinement and relate to the execution of the sentence, not to the imposition of sentence itself. Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert denied, 429 U.S. 851 (1976) (holding that where petitioner challenges effect of events subsequent to sentence on that sentence, § 2241 is appropriate remedy). Therefore, habeas corpus relief under § 2241, "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Indeed, by the express terms of § 2255, a district court is prohibited from entertaining a federal prisoner's § 2241 habeas corpus application "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the rememdy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Presumably cognizant that his claims are typically asserted in § 2255 motions, Petitioner asserts that "[s]ince §§ 2254 and 2255 are 'inadequate or [in]effective' to test the legality of Petitioner's incarceration[,] [t]his court should allow Petitioner to proceed pursuan[t] to 28 U.S.C. []§ 2241 in the interest of [j]ustice and [f]undamental fairness." (Pet.'s habeas mot. 3.) However, Petitioner

3

fails to indicate how a § 2255 motion is inadequate or ineffective.  A § 2255 motion is inadequate or ineffective only where the prisoner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative.  Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986).

The Third Circuit recently discussed the "inadequate or ineffective" safety valve of § 2255:

> We recently considered the scope of the "inadequate or ineffective" "safety valve" in § 2255 in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  In Dorsainvil, the petitioner argued that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, (1995), which was decided after Dorsainvil's first § 2255 petition was denied on the merits, rendered his weapons conviction under 18 U.S.C. § 924(c)(1) invalid.  He wished to collaterally attack that conviction in the District Court and asked this Court to certify his second habeas petition under § 2255's gatekeeping provisions limiting a prisoner's ability to file a successive habeas petition.  The Court first held that the petition had failed to satisfy those gatekeeping provisions because his Bailey claim was a statutory claim.  As a result, petitioner was unable to bring his new claim in a § 2255 proceeding in the District Court.
>
> The Court did not stop there, however.  Dorsainvil argued that if his Bailey claim could not be heard in the District Court, then § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), was unconstitutional.  The Court avoided reaching the "thorny constitutional issue[s]" by holding that "under narrow circumstances, a petitioner in Dorsainvil's uncommon situation may resort to the writ of habeas corpus as codified under 28 U.S.C. § 2241." Dorsainvil, 119 F.3d at 248.  The Court first recognized that "the AEDPA did not amend the 'safety

> valve' clause in § 2255 that refers to the power of the
> federal courts to grant writs of habeas corpus pursuant to
> § 2241" where § 2255 is "inadequate or ineffective." Id. at
> 249.  The Court then held:  Dorsainvil does not have and,
> because of the circumstances that he was convicted for a
> violation of § 924(c)(1) before the Bailey decision, never
> had an opportunity to challenge his conviction as
> inconsistent with the Supreme Court's interpretation of
> § 924(c)(1).  If, as the Supreme Court stated in [Davis v.
> United States, 417 U.S. 333 (1974)], it is a "complete
> miscarriage of justice" to punish a defendant for an act that
> the law does not make criminal, thereby warranting resort
> to the collateral remedy afforded by § 2255, it must follow
> that it is the same "complete miscarriage of justice" when
> the AEDPA amendment to § 2255 makes that collateral
> remedy unavailable. In that unusual circumstance, the
> remedy afforded by § 2255 is "inadequate or ineffective"
> to test the legality of [Dorsainvil's] detention. Id. at 251.
> The Court then cautioned: We do not suggest that § 2255
> would be "inadequate or ineffective" so as to enable a
> second petitioner to invoke § 2241 merely because that
> petitioner is unable to meet the stringent gatekeeping
> requirements of the amended § 2255.  Such a holding
> would effectively eviscerate Congress's intent in amending
> § 2255.

U.S. v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).  Accordingly, it is only under the

limited "narrow circumstances [when] a defendant in Dorsainvil's uncommon

situation may resort to . . . § 2241." Dorsainvil, 119 F.3d at 248.

Petitioner is not in the "unusual position" of Dorsainvil.  Petitioner did

have an earlier opportunity to present his claims, in his prior § 2255 motion.  In fact,

he did present many of the same arguments concerning "crack" cocaine in his prior

§ 2255 motion, but was unsuccessful.  Courts have consistently held that a prior

unsuccessful motion to vacate sentence does not render the remedy under § 2255

inadequate or ineffective.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert.

denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395 (3d Cir. 1966) (per

curiam).  Therefore, Petitioner's mere lack of success with his previous § 2255

5

motion does not constitute a basis for asserting that a § 2255 motion is inadequate or ineffective. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255."); <u>United States v. Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); <u>In re Davenport</u>, 147 F.3d 605, 608 (7th Cir. 1998) ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions.  The retention of the old language opens the way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241.  That can't be right; it would nullify the limitations."); <u>Triestman v. United States</u>, 124 F.3d 361, 376 (2d Cir. 1997) ("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' . . . then Congress would have accomplished nothing at all in its attempts--through statutes like the AEDPA--to place limits on federal collateral review."); <u>In re Vial</u>, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (<u>en banc</u>) (stating that § 2255 is not inadequate or ineffective simply "because an individual is procedurally barred from filing a § 2255 motion").

6

Each ground Petitioner raises in the instant habeas corpus petition, new or otherwise, existed as a result of his alleged unlawful conviction and sentence in 1994 and not as a result of any subsequent legal or other development. Section 2255 is not "inadequate or ineffective" simply because recent amendments to § 2255 have made it more difficult to prosecute successive motions. See Dorsainvil, 119 F.3d at 251. A contrary conclusion "would effectively eviscerate Congress's intent in amending § 2255." Id. Accordingly, Petitioner cannot seek relief under § 2241.

III.        **Order**

Based upon the foregoing, **IT IS HEREBY ORDERED THAT**:

1)  Petitioner's petition for writ of habeas corpus is **DENIED**.

2)  The clerk of court shall close the file.

SYLVIA H. RAMBO
United States District Judge

Dated: January **23**, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 23, 2001

Re:  1:01-cv-00039   Hamilton v. Reish

True and correct copies of the attached were mailed by the clerk
to the following:

      Michael Hamilton
      FCI-SCHUYLKILL
      17072-057
      P.O. Box 759
      Minersville, PA  17954

cc:
Judge                        (X )
Magistrate Judge             (  )
U.S. Marshal                 (  )
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Federal Public Defender      (  )
Summons Issued               (  ) with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  ) with Petition attached & mailed certified mail
                                  to:  US Atty Gen  (  )  PA Atty Gen (  )
                                       DA of County (  )  Respondents (  )

Bankruptcy Court             (  )
Other_____        (  )

                                       MARY E. D'ANDREA, Clerk

DATE: January 23rd, 2001          BY: _____
                                         Deputy Clerk